UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VELMA OLU-COLE,<br>*Parent and next friend of M.K.*<br><br>Plaintiff,<br><br>v.<br><br>E.L. HAYNES PUBLIC CHARTER SCHOOL,<br><br>Defendant. | Case No. 1:18-cv-00238 (TNM) |

**MEMORANDUM ORDER**

Velma Olu-Cole sued the E.L. Haynes Public Charter School ("Haynes") on behalf of her minor son, M.K. She alleges that Haynes violated M.K.'s rights under the Individuals with Disabilities Education Act ("IDEA"). She seeks compensatory education for M.K. and attorneys' fees for litigating an administrative due process claim on his behalf.

Haynes moved to dismiss these claims, arguing in the alternative that it should be granted summary judgment. Ms. Olu-Cole cross-moved for partial summary judgment. After assessing the parties' arguments, Magistrate Judge Harvey recommended that Haynes's motion be denied and Ms. Olu-Cole's cross-motion be granted. The Court agrees and, for the reasons explained below, adopts the Magistrate Judge's Report and Recommendation in full.

**I.**

The Report and Recommendation comprehensively describes the background and history of this case. *See* R. & R. at 2-7, ECF No. 28. To summarize, M.K. is a high school student at Haynes. *Id*. at 2. He has a disability, "Emotional Disturbance," that the IDEA covers. *Id*.

Because of this, Haynes must develop and implement an individualized educational program to help M.K. meet his academic needs. *Id*.

M.K. has a history of behavioral problems. *See* Hearing Officer Determination, ECF No. 19-1 at 60. In 2017, he attacked another student, repeatedly punching the student in the face. *Id*. at 62. The victim was "left with a concussion and suffered memory loss." *Id*. After the fight, Haynes suspended M.K. for 45 days. R. & R. at 3. The school investigated the incident and found that his conduct was a manifestation of his disability. *Id*.

Haynes then sought to remove M.K. and have him placed in a "therapeutic, nonpublic, special education day school." *Id*. at 4. Because Ms. Olu-Cole did not consent, the school submitted its request to the District of Columbia's Office of the State Superintendent of Education (the "Superintendent's Office"). *Id*. at 3. The Superintendent's Office refused to require a change of school. *Id*. at 4. It found that "with a robust [individualized educational program], supported by other appropriate interventions, [Haynes] can successfully serve students with similar circumstances." *Id*.

Still, Haynes continued to seek M.K.'s removal. It filed an administrative due process complaint with the Superintendent's Office. ECF No. 19-1 at 9-13. The school argued that M.K.'s "verbally and physically aggressive behavior pose a significant safety risk to others" and to himself. *Id*. at 12. It therefore requested that the Superintendent's Office require Ms. Olu-Cole to consent to a change in M.K.'s school placement. *Id*.

While this administrative due process claim was pending, Ms. Olu-Cole filed her case here. *See* Compl., ECF No. 1. She noted in her complaint that "Haynes is refusing to allow M.K. to attend classes" in violation of IDEA's "stay put provision." *Id*. at 1. This provision requires that, during any due process proceedings, a child "shall remain in [his] then-current

2

educational placement." 20 U.S.C. § 1415(j). Ms. Olu-Cole argued that Haynes violated the stay-put provision by keeping M.K. out of school past his 45-day suspension. Compl. 12. She sought a Temporary Restraining Order and a Preliminary Injunction to allow him to return to school. Compl. 12.

After hearing oral arguments, the Court denied these requests for relief. *See* Court's February 2, 2018 Minute Order; *Olu-Cole v. E.L. Haynes Pub. Charter Sch.*, 292 F. Supp. 3d 413 (D.D.C.), *appeal filed*, No. 18-7028 (D.C. Cir. Feb. 26, 2018). But Haynes then changed course. It agreed to allow M.K. to return to school and moved to withdraw its administrative complaint without prejudice. ECF No. 19-1 at 15, 17.

Ms. Olu-Cole opposed the motion. *See* ECF No. 19-1 at 20. She argued that the school's complaint should be dismissed with prejudice so that the dismissal would have preclusive effect. *Id*. Haynes consented. *Id*. So, based on the parties' agreement, the Superintendent's Office's Hearing Officer dismissed the administrative due process complaint with prejudice. *Id*. at 22.

Ms. Olu-Cole then filed her own due process complaint with the Hearing Officer. *See id*. at 35-40. She argued that the measures Haynes had taken to address M.K.'s disability were inadequate, and that the school had therefore denied M.K. the "free appropriate public education" the IDEA requires. *Id*. at 38-39. She sought compensatory education "to remedy the denial(s) of [a free appropriate public education] up to, but *excluding*, the denial . . . stemming from the violation of M.K.'s stay-put rights after January 26[, 2018]." *Id*. at 39 (emphasis in original).

The Hearing Officer found that M.K. was entitled to compensatory education. *Id*. at 71. He ordered Haynes to provide M.K. "fifty hours of individual tutoring" and "twenty hours of counseling." *Id*.

3

Still pending here are Ms. Olu-Cole's claim for "compensatory education for any violations of [the IDEA's] stay put [provision]" and her request for attorneys' fees. Am. Compl. 13-15, ECF. No. 15. Haynes seeks dismissal of these claims. *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 19. The school argues that the compensatory education request is now moot because of the Hearing Officer's decision. *Id*. at 1. Haynes also suggests that the Court should not permit Ms. Olu-Cole to seek attorneys' fees. *Id*. It asserts that, because the school's administrative action to remove M.K. was "voluntarily withdrawn," Ms. Olu-Cole is not a "prevailing party" as defined by the IDEA. *Id*.

The Magistrate Judge recommends rejecting these arguments. He believes that Ms. Olu-Cole's claim for compensatory education is not moot, and that she was a prevailing party because the Hearing Officer dismissed Haynes's complaint with prejudice. Haynes filed timely objections to these recommendations.

## II.

Federal courts "lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). A claim becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Larsen v. U.S. Navy*, 525 F.3d 1, 3 (D.C. Cir. 2008). A party may lack a cognizable interest in the outcome when "the court can provide no effective remedy because [the] party has already obtained all the relief it sought." *Indian River Cty. v. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017).

A motion to dismiss a claim as moot is "properly brought" under Federal Rule of Civil Procedure 12(b)(1) because "mootness itself deprives the court of jurisdiction." *Id*. When evaluating a Rule 12(b)(1) motion, the Court "must treat the complaint's factual allegations as

true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016). The Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharma., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

To prevail on a motion for summary judgment, a movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A factual dispute is material if it could alter the outcome of the suit under the substantive governing law. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the non-moving party bears the burden of setting forth "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

After a magistrate judge issues a report and recommendation, a party may file written objections within 14 days. LCvR 72.2(b). If a party files timely objections, the Court must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

**III.**

Haynes raises several objections to the Magistrate Judge's Report and Recommendation. None are persuasive. *First*, the school suggests that the Report "contains many factual inaccuracies." Def.'s Obj. to R. & R. at 1, ECF No. 30. It argues, for example, that Ms. Olu-Cole's consent was "neither sought nor required" for the 45-day suspension the school imposed on M.K. *Id*. Haynes also suggests that, in seeking to change M.K.'s school placement, "this change was not necessarily intended to be 'permanent.'" *Id*. at 2. And it contends that the Magistrate Judge "mischaracterizes" Ms. Olu-Cole's administrative due process complaint. *Id*.

But based on a careful review of the record, the Court finds that the Magistrate Judge accurately described the relevant background. The Report and Recommendation does not suggest, for instance, that Ms. Olu-Cole's consent was required for the suspension. *See* R. & R. at 3. And the school's authority to suspend M.K. for 45 days and place him in an interim alternative educational setting is not at issue. Nor does Haynes's intent about M.K.'s placement in another school matter. The facts are that Haynes sought to move M.K. to another school, that Ms. Olu-Cole objected, that the Superintendent's Office declined to require Ms. Olu-Cole to consent, and that Haynes's administrative complaint was dismissed with prejudice. The Court therefore overrules this objection.

*Second*, Haynes alleges that the Magistrate Judge failed to consider expert testimony presented during the administrative due process proceedings. *See* Def.'s Obj. to R. & R. at 2-6. This testimony, the school argues, shows that the Hearing Officer's decision "remedied the claim for compensatory education in this case," thus making it moot. *Id*. at 5. Not so.

Ms. Olu-Cole raises two distinct claims. In her administrative due process complaint, she sought relief for "up to, but *excluding*," Haynes's alleged violation of IDEA's stay-put provision,

6

which occurred after January 26, 2018. ECF No. 19-1 at 39 (emphasis in original). This request is unambiguous. And Ms. Olu-Cole explicitly emphasized her desire to cabin the relief she sought. Reflecting this desire, the Hearing Officer noted that Ms. Olu-Cole "is seeking compensatory education for the time period from two years prior to the filing of the Due Process Complaint to January 26, 2018." *Id*. at 59. *See also id.* at 68 (describing the question as whether Haynes provided M.K. with appropriate services "for the two years prior to the filing of the Due Process Complaint").

In her complaint before the Court, Ms. Olu-Cole seeks compensatory education for the alleged stay-put violation. Am. Compl. 13. She notes that she amended her complaint "[o]ut of an abundance of caution" to specify that the relief sought was for events that occurred after January 26, 2018. *Id*. Thus, her claim here is distinct from, and was not mooted by, the claim resolved by the Hearing Officer.

True, an expert testified during the administrative hearing and suggested that his recommendation for compensatory education covered "whatever ground was lost academically during the time that [M.K.] was out of school." Admin. Hr'g Tr. at 189:8-13, ECF No. 26-1. He added that his opinion covered "the period of time after [M.K.'s] suspension." *Id*. at 189:14-17. And it is also true that the remedy the Hearing Officer ordered does not specify whether the compensatory education is for all the time M.K. was out of school. *See* ECF No. 19-1 at 71.

But at the motion to dismiss stage, the Court must "afford [Ms. Olu-Cole] the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han*, 223 F. Supp. 3d at 103. Neither the expert testimony nor the Hearing Officer's decision unambiguously show that the relief Ms. Olu-Cole was granted extends to her allegations of a stay-put violation. Based on the Hearing Officer's descriptions of the questions presented to him, it is plausible that the

7

remedy he ordered did not cover the period after January 26, 2018. Thus, the Court must overrule this objection too. Haynes is free to re-raise these arguments if it later becomes necessary for the Court to determine what additional compensatory education should be awarded.[1]

*Third*, Haynes objects to the Magistrate Judge's characterization of Ms. Olu-Cole as a "prevailing party." The IDEA allows the Court to "award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3). "Prevailing party" is a "legal term of art" that requires an "alteration in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 605 (2001). To be a prevailing party, a "defendant need not obtain a favorable judgment on the merits." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016). Rather, it is enough that a "plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id*.

Ms. Olu-Cole was the defendant during the first administrative proceeding before the Hearing Officer. In that action, Haynes sought to force a change in M.K.'s school placement. *See* ECF 19-1 at 12. The school then moved to withdraw its complaint without prejudice. *Id*. at

---

[1] Ms. Olu-Cole has appealed the Court's earlier denial of her request for emergency injunctive relief to the D.C. Circuit. The parties disagree on the effect of the pending appeal on this case. The Magistrate Judge and Ms. Olu-Cole believe that the outcome of her stay-put violation claim depends on how the Circuit resolves her appeal. *See* R. & R. at 10; Pl.'s Rep. at 4-8, ECF No. 31. Haynes disagrees.

Because the Court has found that Ms. Olu-Cole's Amended Complaint features a distinct compensatory education claim, it need not resolve this dispute. If the Circuit upholds the Court's decision, this case will proceed to the merits of the stay-put violation claim. And if Ms. Olu-Cole prevails, "the district court could either order the school system to determine the appropriate amount of compensatory education or make that determination itself." *Boose v. District of Columbia*, 786 F.3d 1054, 1059 (D.C. Cir. 2015). Similarly, the Circuit could reverse the Court's decision, make a finding that M.K. is due compensatory education, and instruct the Court to award an appropriate amount of tutoring. *See, e.g.*, *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440 (2d Cir. 2015). Either way, Ms. Olu-Cole's claim is not moot.

17. As the Hearing Officer's Order notes, Ms. Olu-Cole "objected through submissions" to a dismissal without prejudice. *Id*. at 22. After Ms. Olu-Cole raised this objection, Haynes agreed to dismiss with prejudice. *Id*.

In other words, Ms. Olu-Cole rebuffed Haynes's efforts to remove her son from the school. And by successfully seeking a dismissal with prejudice, she ensured that Haynes cannot again seek removal based on M.K.'s prior conduct. This *res judicata* effect shows a change in the legal relationship between Ms. Olu-Cole and Haynes. She is thus a "prevailing party" under the IDEA and may seek attorneys' fees.

Haynes's protestations are unavailing. It suggests that, because it voluntarily agreed to withdraw its claims, the Hearing Officer's decision offers Ms. Olu-Cole no *res judicata* protection. Def.'s Obj. to R. & R. at 6 (citing *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010)). The school is mistaken.

True, the *Straus* court found that "the hearing officer resolved nothing on the merits," and that "the hearing officer's dismissal protected the [defendant] from nothing at all." *Straus*, 590 F.3d at 902. It is also true that Haynes agreed to allow M.K. to return to school. But in *CRST*, a case decided after *Straus*, the Supreme Court clarified that a decision on the merits is not required for a party to be considered "prevailing." *See CRST*, 136 S. Ct. at 1651. And *Straus* also held that a *res judicata* effect "would certainly qualify" if "it protected the prevailing [party] from having to pay damages or alter its conduct." *Id*. Here, by ensuring that Haynes's claim was dismissed with prejudice, Ms. Olu-Cole protected herself from the possibility of having to re-litigate M.K.'s fitness to attend the school or to expend resources on future litigation.[2]

---

[2] Haynes's reliance on *School for Arts in Learning Public Charter School v. Barrie*, 724 F. Supp. 2d 86 (D.D.C. 2010) is similarly anachronistic. There, the court used the then-controlling precedent and noted that "a plaintiff is a prevailing party only if he has received a judgment on the merits." *Id*. at 89 (citing *Buckhannon*, 532 U.S. at 605). *CRST* makes clear that a judgment on the merits is no longer required.

9

Haynes also suggests that the Magistrate Judge erroneously relied on a case that "does not specifically address a fee claim in the IDEA context." Def.'s Obj. to R. & R. at 8 (discussing *Green Aviation Mgmt Co., LLC v. F.A.A.*, 676 F.3d 200 (D.C. Cir. 2012)). But the Supreme Court teaches that courts should "interpret the term ['prevailing party'] in a consistent manner" across the various fee-shifting statutes that Congress has enacted. *CRST*, 136 S. Ct. at 1646. In *Green Aviation*, like here, the court found that a litigant can be a "prevailing party" if the plaintiff cannot "re-file a complaint based on the same set of facts because the dismissal with prejudice has *res judicata* effect." *Green Aviation*, 676 F.3d at 205.

True, Haynes was in an "incredibly difficult position . . . when it had to balance M.K.'s rights with the safety of all other students and staff at the school." Def.'s Obj. to R. & R. at 7. But this does not alter the fact that Ms. Olu-Cole successfully rebuffed Haynes's efforts to remove M.K. from the school. Because she did so, she is a "prevailing party" under the IDEA and may seek attorneys' fees.

## IV.

For these reasons, the Court adopts in full and incorporates by reference the Report and Recommendation, and it is

**ORDERED** that the Defendant's Motion to Dismiss or for Summary Judgment is DENIED and the Plaintiff's Cross-Motion for Partial Summary Judgment is GRANTED.

Dated: March 25, 2019                           TREVOR N. McFADDEN, U.S.D.J.